IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JESSICA GILBERT,

     Plaintiff,

vs.

COMPASS GROUP USA, INC. d/b/a
HICKMAN COMMUNITY HOSPITAL,

     Defendant.

CAUSE NO.:

**Circuit Court of Hickman Co., TN**
**Civil Action No.: 14-cv-7**

---

## DEFENDANT'S NOTICE OF REMOVAL

---

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, COLUMBIA DIVISION:**

Defendant, Compass Group USA, Inc. ("Compass"), incorrectly identified above as Compass Group USA, Inc. d/b/a Hickman Community Hospital,[1] hereby files this Notice of Removal under Federal Rule of Civil Procedure 81(c) and pursuant to 28 U.S.C. §§ 1441 and 1446, on the ground that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. In support thereof, Defendant states the following:

## INTRODUCTION

1.     On February 24, 2014, Plaintiff filed suit in the Circuit Court of Hickman County, Tennessee.

---

[1] Compass Group USA, Inc. does not do business as Hickman Community Hospital.

2.     The case is styled *Jessica Gilbert v. Compass Group USA, Inc. d/b/a Hickman Community Hospital,* Case No. 14-cv-7.

3.     On February 27, 2014, the Summons and Complaint were served upon Compass through its registered agent for service of process. *See* **Exhibit A.**

4.     Defendant timely files this Notice of Removal within the thirty days provided under 28 U.S.C. §1446(b).

## PARTIES

5.     According to the Complaint, Plaintiff is a citizen of Hickman County, Tennessee. *See* **Exhibit A, Complaint at ¶1.**

6.     Compass is a foreign corporation conducting business in the State of Tennessee. *See* Exhibit A, Complaint at ¶2.

7.     Compass was incorporated in the State of Delaware, and its principal place of business is located at 2400 Yorkmont Road, Charlotte, North Carolina 28217-4511. *See* **Exhibit B, corporate information from Tennessee Secretary of State's website.**

## NATURE OF THE SUIT

8.     Plaintiff's Complaint alleges sexual harassment, gender discrimination, religious harassment, and religious discrimination under the Tennessee Human Rights Act. *See* **Exhibit A, Complaint at ¶¶ 12, 14-17).**   She demands compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief. *Id.,* **Complaint at p.7.**

## BASIS FOR REMOVAL

9.      Compass seeks to remove this suit on the basis of diversity under 28 U.S.C. Section 1332.

10.     A district court has diversity jurisdiction over any civil action in which the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a).

11.     Generally, the facts stated in the Complaint will determine whether or not the jurisdictional requirements have been met; when a specific amount is not claimed, the party seeking to remove the case to a district court has the burden of proving that the district court possesses jurisdiction. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), *citing Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155-58 (6th Cir. 1993).

12.     Plaintiff's Complaint alleges that she is a citizen of Tennessee. *See* **Exhibit A, Complaint at ¶1.** Compass, a corporation, is a citizen of both Delaware, its place of incorporation, and North Carolina, its principal place of business. *See* **Exhibit B**; 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it has been incorporated and of the state where it has its principal place of business).

13.     Plaintiff's Complaint seeks an unspecified amount of damages. *See* Exhibit A. The damages claimed include compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief. *Id.*, **Complaint at p.7.**

14.     Because Plaintiff's Complaint does not specify an amount of damages, Defendant's counsel contacted Plaintiff's counsel and requested that Plaintiff confirm whether

she was seeking more than $75,000.00. Plaintiff's counsel confirmed in an email that Plaintiff is seeking more than $75,000.00. *See* **Exhibit C, Email from D. Zuccarello dated Mar. 24, 2014**.

15.     As demonstrated above, removal of this case is proper, as this Court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, and the matter is between citizens of different states.  28 U.S.C. § 1332.

16.     Notice of Removal is being filed with the Circuit Court of Hickman County Tennessee and provided to all parties, as required by 28 U.S.C. § 1446(d). *See* **Exhibit D.**

17.     The United States District Court for the Middle District of Tennessee encompasses the location of the Circuit Court in which this action was originally filed. 28 U.S.C. § 1446(a) (the state case shall be removed to "the district court of the United States for the district or the division within which such action is pending").

18.     Defendant requests that this Court assume jurisdiction of this case, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332.

19.     Defendant has attached to this Notice all pleadings, process, orders, and other filings in the state-court action, as required by 28 U.S.C. §1446(a). *See* **Exhibit A.**


Respectfully submitted,

**COMPASS GROUP USA, INC.**


By:     /s/ Jeff Weintraub
        Jeff Weintraub (TN BPR # 9686)
        FISHER & PHILLIPS, LLP
        1715 Aaron Brenner Dr., Suite 312
        Memphis, Tennessee 38120
        Telephone: 901-526-0431
        Facsimile: 901-526-8183
        jweintraub@laborlawyers.com

4

## CERTIFICATE OF SERVICE

I, JEFF WEINTRAUB, do hereby certify that I have served the foregoing Notice of Removal, via CM/ECF, electronic mail and U.S. Mail, upon:

Donald D. Zuccarello
Law Office of Donald D. Zuccarello
3209 West End Avenue
Nashville, Tennessee 37203

SO CERTIFIED, this the 31st day of March, 2014.


/s/ Jeff Weintraub
Jeff Weintraub