

# New Document Added to Matter Notification

*This message is an alert only. Please do not reply to this message.
The following new Document(s) have been added to the following matter.*

Alert Date: 02/28/2014

**Assigned Document(s):**

| | |
|---|---|
| **Document ID:** | 15452594 (View/Share the Document) |
| **Document Title :** | Summons/Complaint |
| **Document Description :** | |
| **Answer Date :** | 30 |
| **Entity as Established :** | Compass Group USA, Inc. |
| **Date Served :** | 02/27/2014 |
| **CSC Doc type :** | Summons/Complaint |
| **Court :** | Hickman County Circuit Court |
| **State Served :** | Tennessee |
| **Privileged :** | |
| **Document is Time Sensitive :** | |
| **Document is Service Of Process :** | Yes |
| **Assigned By :** | |
| **Author :** | |
| **Original File Name :** | |
| **Pages :** | |
| **Version Number :** | |

**Matter Information:**

**Matter ID:** 5030359 (Go to Matter Detail Folders)   5030359

| | |
|---|---|
| **Matter Id :** | |
| **Matter Full Name :** | Jessica Gilbert vs. Compass Group USA, Inc. d/b/a Hickman Community Hospital |
| **Matter Type :** | |
| **Matter Description :** | |
| **Jurisdiction :** | Tennessee |
| **Court :** | Hickman County Circuit Court |
| **Cause # :** | 14-CV-7 |
| **Matter Users:** | |

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services.

EXHIBIT A

| STATE OF TENNESSEE<br>JUDICIAL DISTRICT<br>CIRCUIT COURT IN<br>HICKMAN COUNTY | SUMMONS | CASE FILE NUMBER<br>14-CV-7 |
|---|---|---|
| **PLAINTIFF**<br>JESSICA GILBERT | | **DEFENDANT**<br>COMPASS GROUP USA, INC. d/b/a<br>HICKMAN COMMUNITY HOSPITAL |

| TO: Compass Group USA, Inc. d/b/a Hickman Community Hospital<br><br>**SERVE:** Compass Group USA, Inc. d/b/a Hickman Community Hospital<br>through the registered agent;<br>Corporation Service Company<br>2908 Poston Avenue<br>Nashville, TN 37203 | Method of Service:<br>☐ Certified Mail<br>X Hickman Co. Sheriff<br>☐ *Comm. Of Ins.<br>☐ *Sec of State<br>☐ *Out of County Sheriff<br>☐ Private Process Server<br>☐ Other<br>*Attach Required Fees |
|---|---|

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, HICKMAN COUNTY, TENNESSEE, YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for Plaintiff or plaintiff if filing Pro Se:<br>(name, address & telephone number)<br>THE LAW OFFICE OF DONALD ZUCCARELLO<br>3209 WEST END AVENUE<br>NASHVILLE, TN 37203<br>615-259-8100<br>615-259-8108 FACSIMILE | FILED, ISSUED & ATTESTED<br>2-24-14<br><br>*Dana Nickolson*<br>Clerk<br>By: *Dale Springer*<br>Deputy Clerk |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T. R. C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:**<br><br>Please execute this summons and make your return within 30 days of issuance as provided by law. | **DATE RECEIVED**<br><br>Sheriff |
|---|---|

***Submit one original plus one copy for each defendant to be served.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____,
20_____, I_____ served this summons and complaint/petition on

_____ in the following manner:

_____

_____ failed to serve this summons within 30 days after its issuance
because_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No._____ to the defendant, _____

_____. On the _____ day of _____ 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.
PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED
BY STATUTE TO SERVE

## NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF HICKMAN

I, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.
CLERK

(To be completed only if
copy certification required.)

By: _____

_____ D.C.

IN THE CIRCUIT COURT FOR HICKMAN COUNTY, TENNESSEE
AT CENTERVILLE

AM 11:55 12-24-14 PM
Dana Nicholson, Circuit Court Clerk
By _____ DC

| | |
|---|---|
| JESSICA GILBERT, | ) |
| Plaintiff, | ) |
| | ) DOCKET NO.: 14-CV-7 |
| v. | ) JURY DEMAND (12) |
| | ) |
| COMPASS GROUP USA, INC. d/b/a | ) |
| HICKMAN COMMUNITY HOSPITAL, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Jessica Gilbert, by and through his undersigned counsel, and for his Complaint against Defendant Compass Group USA, Inc. d/b/a Hickman Community Hospital, the Plaintiff states as follows:

### I.
### PARTY, JURISDICTION, AND VENUE

1. Plaintiff, Jessica Gilbert, (hereinafter "Plaintiff") is a resident and citizen of Centerville, Hickman County, Tennessee.

2. Defendant, Compass Group USA, Inc. d/b/a Hickman Community Hospital, (hereinafter "Defendant") is a foreign corporation authorized to be and doing business in Centerville, Hickman County, Tennessee.

3. The events giving rise to this matter took place in Hickman County, Tennessee, at Defendant's facility located at 135 East Swan Street, Centerville, TN 37033.

4. Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee, at the Defendant's facility located at 715 Massman

Drive, Nashville, Tennessee.

## II.
## FACTUAL BASES FOR SUIT

5. The Plaintiff was hired by the Defendant on or about July 26, 2011.

6. On or about January of 2012, Plaintiff began working under a new supervisor.

7. On or about January of 2012, Plaintiff began being subjected to numerous sexual comments from her supervisor, the chief nurse, including comments about Plaintiff's breasts and clothing being too tight.

8. The Plaintiff's supervisor put her hands on the Plaintiff without her consent.

9. Complaints were made to management regarding problems with the new supervisor but no action was taken.

10. On or about March of 2013, Plaintiff was informed by a coworker that the supervisor was reviewing Plaintiff's Facebook page.

11. On or about March 14, 2013, which was Plaintiff's day off, Plaintiff received a phone call and was told that she was being terminated for "not being Christian enough."

12. Defendant wrongfully and maliciously harassed and discriminated against the Plaintiff based upon her religion in violation of the Tennessee Human Rights Act pursuant to T.C.A. Sec 4-21-101, et. seq.; T.C.A. Sec. 4-21-301, et. seq. and Plaintiff was deprived of her right to work in an atmosphere free from sexual harassment and discriminated in violation of the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311 and § 4-21-701.

## III.
## CAUSES OF ACTION

13. The foregoing facts are incorporated herein and Plaintiff pleads in the alternative, assertions of employment discrimination separately through each subheading A and B.

### A. Sexual Harassment and Gender Discrimination

14. Plaintiff asserts that the Defendant deprived the Plaintiff of her right to work in an atmosphere free from sexual harassment and discriminated against the Plaintiff in violation of the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311 and § 4-21-701.

15. At all relevant times as set forth herein, the Plaintiff avers the following:

   (a) the Plaintiff was a member of a protected class;

   (b) the Plaintiff was subjected to unwelcome sexual discrimination and harassment by the Defendant in the form of offensive comments and actions;

   (c) the Defendant's harassment of the Plaintiff was based on her sex;

   (d) as a result of the unwelcome workplace sexual harassment, the Plaintiff sustained a tangible employment action;

   (e) the Defendant's harassment of the Plaintiff was severe and pervasive and affected a term, condition and/or privilege of the Plaintiff's employment;

   (f) the Defendant's discrimination of the Plaintiff created a hostile work environment and/or unreasonably interfered with the plaintiff's work performance;

   (g) the Defendant's discrimination of the Plaintiff caused her physical or mental well being to be seriously affected;

   (h) the Defendant failed to have a policy and reporting procedure in effect for employees who were being sexually harassed.

### B. Religious Discrimination

16. Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, and discrimination and the Plaintiff's religion in violation of the

Tennessee Human Rights Act Tenn.Code.Ann § 4-21-401, et. seq.

17. At all relevant dates and times as set forth herein, it is averred that:

   (a) Plaintiff was subjected to religious harassment and discriminatory conduct;

   (b) such conduct from the Defendant and its employees was unwelcome;

   (c) such discriminatory conduct was based on Plaintiff's clothing and an assumption by Defendant Employer that the Plaintiff was "not Christian enough" to work there;

   (d) the Defendant's conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

   (e) the Plaintiff reported the inappropriate conduct of her supervisor to upper management but no corrective action was taken;

   (f) at the time such conduct occurred and as a result of such conduct, the Plaintiff believed her work environment to be hostile or abusive;

   (g) Defendant knew or should have known of the harassment and discrimination;

   (h) Defendant failed to take prompt and appropriate corrective action to end the harassment and discrimination;

   (i) the offensive behavior of the Defendant was sufficiently severe and/or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment; and

   (j) the discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

18. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief allowed.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

Donald D. Zuccarello [BPR No. 15092]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

Donald D. Zuccarello